# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

April 8, 2013

Anthony R. Mignini, Esquire
Mignini, Raab & Demuth, LLP
429 South Main Street
Bel Air, MD 21014

Alex S. Gordon, Assistant United States Attorney
Office of the United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, MD 21201

Subject:   Peggy Barrow v. Michael J. Astrue, Commissioner of Social Security
        Civil Action No.: BPG-11-3393

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 5), are Cross-Motions for Summary Judgment (ECF Nos. 11, 13), and plaintiff's Response to Defendant's Motion (ECF No. 17), concerning the Commissioner's decision denying plaintiff Peggy Barrow's claim for Disability Insurance Benefits ("DIB") and a Period of Disability.  The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed.  42 U.S.C. §§ 405(g), 1383(c)(3); see Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  No hearing is deemed necessary.  Loc. R. 105.6.  For the reasons noted below, the court will deny plaintiff's Motion (ECF No. 11), deny defendant's Motion (ECF No. 13), vacate the Commissioner's denial of benefits, and remand the case for further proceedings consistent with this opinion.

On August 25, 2006, plaintiff filed a claim for DIB, alleging that she was disabled due to osteoporosis from a knee injury, asthma, depression, a heart condition, and back problems, with an onset date of September 15, 2000.  (R. at 49, 89, 96.)  Plaintiff's claim was denied initially, and upon reconsideration.  (R. at 89-92; 96-97.)  After a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued a decision, dated October 24, 2008, denying plaintiff's claims. (R. at 46-63.)  The Appeals Council granted plaintiff's request for review, vacated the ALJ's decision, and remanded the case with instructions that the ALJ should evaluate the opinions of treating source Dr. Hsu and nonexamining source Dr. Walklett.  (R. at 66.)

On remand, the ALJ incorporated the findings in her previous decision, and gave further consideration to the opinion evidence as directed by the Appeals Council.  (R. at 71-84.)  The ALJ determined that plaintiff had acquired sufficient quarters of coverage to remain insured and eligible for DIB through September 30, 2006.  (R. at 71.)  Then, the ALJ followed the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (2010).  At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date.  (R. at 73.)  At step two, the ALJ determined that plaintiff had the following severe impairments: mild asthma, mild arthritis of the right knee, depression, and anxiety.  (R. at 73.)  At step three, however, the ALJ found that plaintiff did not have an impairment, or combination of impairments, that met or

medically equaled any Listings.  (R. at 74-75.)  At step four, the ALJ determined that plaintiff's
Residual Functional Capacity ("RFC") would not allow her to perform any past relevant work as
a machine operator, line worker, or dry cleaning worker.  (R. at 75-82.)  Finally, at step five, the
ALJ determined that, in light of plaintiff's age, education, work experience, and RFC, there were
a significant number of jobs available in the national economy that plaintiff could perform.  (R.
at 83-84.)  Accordingly, the ALJ determined that plaintiff was not disabled.  (R. at 84.)  Plaintiff
requested that the Appeals Council review the ALJ's June 12, 2010 decision.  (R. at 141.)  The
Appeals Council incorporated plaintiff's arguments in support of her request for review into the
record as additional evidence, but denied plaintiff's request for review, making the ALJ's
opinion the final decision of the Commissioner of Social Security.  (R. at 1-5, 142-46.)

Plaintiff challenges the Commissioner's decision on the following grounds: (1) the ALJ
erred in assessing the opinion of Dr. French, the consultative examining physician; (2) the ALJ
erroneously assessed plaintiff's activities of daily living; and (3) the issues raised in plaintiff's
request for review by the Appeals Council warrant remand.

First, plaintiff argues that the ALJ's improper assessment of the opinion of the
consultative examining physician, Dr. French, caused the ALJ to make erroneous RFC findings.
An ALJ must consider, but is not bound by, the expert opinions of state agency medical
consultants.  20 C.F.R. § 404.1527(f)(2)(i).  In determining a claimant's RFC, the ALJ must
consider all relevant evidence of the claimant's impairments in a narrative discussion, describing
how the evidence of record supports each conclusion, and explaining how any material
inconsistencies or ambiguities were resolved.  Taylor v. Astrue, No. BPG-11-0032, 2012 WL
294532, at *6 (D. Md. Jan. 31, 2012) (citations omitted).

Here, plaintiff's specific argument is that it is impossible to reconcile the ALJ's
acceptance of Dr. French's opinion with the testimony of the vocational expert ("VE") that a
claimant with limitations as stated by Dr. French would be unable to work.  The ALJ gave
"significant weight" to Dr. French's opinion that plaintiff's depression "significantly interferes
with her ability to cope with stressful interpersonal interactions, interacting with the public, and
dealing with multiple and complex tasks."  (R. at 82.)  The ALJ found that Dr. French's report
was consistent with the entire record, including the records of Dr. Dante, plaintiff's treating
psychiatrist.  (R. at 82.)  Based in part on Dr. French's opinion, the ALJ concluded that while
plaintiff retained the RFC to perform light work with certain exertional limitations, nonexertional
factors would limit plaintiff to "simple, unskilled work that was essentially isolated with only
occasional supervision, work that was not at a production pace, and work that was low stress,
defined as only occasional decision-making."  (R. at 75-76.)

The VE's testimony, however, conflicts with the ALJ's assessment of Dr. French's
opinion.  At the hearing on July 31, 2008, plaintiff's counsel referred to Dr. French's report and
asked the VE a hypothetical question based on limitations taken almost verbatim from the
"Impact of Symptoms" section of the report.  (R. at 31-32, 537.)  The VE testified that a

Barrow v. Astrue
Civil Action No.: BPG-11-3393
April 8, 2013
Page 3

hypothetical claimant with such limitations would be precluded from working.  (R. at 32.)  In the written decision, the ALJ stated that the VE "credibly testified" in response to the ALJ's own hypothetical, but the ALJ did not mention plaintiff's hypothetical based on Dr. French's report, or the VE's answer.  (R. at 83.)

The undersigned agrees with plaintiff's assertion that the ALJ erred by giving Dr. French's opinion significant weight, while ignoring the VE's testimony that no jobs would be available for a hypothetical claimant with limitations as stated in Dr. French's report.  The ALJ failed to resolve the material inconsistency between Dr. French's opinion and the credible VE testimony.  Taylor v. Astrue, 2012 WL 294532, at *6.  Accordingly, on remand, the ALJ should explain her reasoning for according significant weight to Dr. French's opinion, despite the VE's testimony that a claimant with those limitations would be unable to work, and should detail what effect, if any, the resolution of this apparent conflict has on plaintiff's RFC determination.

Plaintiff also argues that it was error for the ALJ to give significant weight to Dr. French's opinion regarding the effect of plaintiff's mental limitations on her ability to work, while giving no weight to Dr. French's assessment that plaintiff exhibited a Global Assessment of Functioning ("GAF") score of 45.  The SSA does not endorse the GAF because it does not directly correlate to the severity requirements in the Listings concerning mental disorders, but a GAF score may nevertheless inform an ALJ's reasoning.  Kozel v. Astrue, No. JKS-10-2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012).  A GAF score should not, however, be exclusively or unduly relied upon in the ALJ's decision.  Id.  Moreover, an ALJ need not accept or reject a medical opinion in full, but rather should accord weight to the opinion to the extent that it is supported by the evidence of record.  Id. at *5.

Here, the ALJ stated, in conclusory fashion, that the GAF score of 45 was "completely at odds" with the rest of Dr. French's opinion, as well as the record as a whole.  (R. at 82.)  The ALJ gave no explanation, however, as to why the GAF score of 45, which the ALJ acknowledged is indicative of "serious symptoms," was given "little weight."  (Id.)  The ALJ erred by according different levels of weight to different aspects of Dr. French's opinion without explaining how the evidence of record supported that conclusion.  See Kozel, 2012 WL 2951554, at *5 (ALJs need not accept or reject medical opinions in full, but should give them weight to the extent they are supported by the evidence in the record).  As discussed above, on remand, the ALJ should explain her conclusions regarding Dr. French's GAF score assessment, and if different weight is to be accorded to different portions of Dr. French's opinion, the ALJ should fully articulate the reasons for doing so.

In sum, remand is necessary for the ALJ to resolve the conflict between Dr. French's opinion and the VE's testimony based on that opinion, to explain her reasoning for giving little weight to Dr. French's assessment of plaintiff's GAF score, and to detail what effect, if any, those explanations have on the assessment of plaintiff's RFC.

Barrow v. Astrue
Civil Action No.: BPG-11-3393
April 8, 2013
Page 4

Second, plaintiff argues that the ALJ's conclusion that plaintiff had only mild, not moderate, limitations in activities of daily living ("ADLs") at step two caused the ALJ to erroneously assess plaintiff's RFC.  To be disabled under the Listings for mental impairments, a claimant must display at least two of the "paragraph B criteria": (1) marked limitations in ADLs; (2) marked limitations in social functioning; (3) marked limitations in concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of significant duration.  20 C.F.R. § 404 Subpt. P, App. 1, Listing 12.00(C).  Examples of ADLs include cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for grooming and hygiene, using the telephone and directories, and using a post office.  Id.  The degree of a claimant's limitation in ADLs is assessed by degree of independence, appropriateness, effectiveness, and sustainability, and whether the claimant can initiate and participate in ADLs independent of supervision or direction.  Id.

Here, the ALJ determined that plaintiff's ability to "take care of her personal needs, drive short distances for simple errands or to visit relatives or friends, prepare simple meals, fold laundry, and grocery shop with her husband" and that plaintiff "went to a shopping center every two weeks" all indicated mild restriction in ADLs.  (R. at 74.)  There is no indication that plaintiff cannot perform these appropriate ADLs independently.  Substantial evidence supports the ALJ's finding that plaintiff had mild limitations in ADLs.

Even if the ALJ found that plaintiff's limitations in ADLs were moderate, as plaintiff urges she should have, plaintiff's mental impairments would still not meet or medically equal the Listings.  In addition to determining that plaintiff had mild limitations in ADLs, the ALJ also concluded that plaintiff had moderate difficulties in social functioning, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation, meaning that none of the paragraph B criteria are met.  (R. at 74-75.)  Thus, plaintiff's impairments do not meet or equal the Listings for mental impairments because she does not exhibit the required level of limitation in at least two of the paragraph B criteria.  20 C.F.R. § 404 Subpt. P, App. 1, Listing 12.00(C). Plaintiff presents no evidence to suggest that she meets or equals the Listings in any other manner.  Moreover, plaintiff's argument that the ALJ's finding of mild limitation in ADLs at step three "had a direct impact on [plaintiff's] RFC assessment" is inapposite.  In the more detailed RFC assessment, the ALJ considered plaintiff's limitations in performing ADLs, adding to the activities discussed above that plaintiff attended a "Raiders" football game and vacationed at Disney World.  (R. at 80-81.)  The ALJ discussed plaintiff's ability to perform ADLs as just one of many indicators of the extent to which all of plaintiff's limitations affected her ability to work.  (R. at 75-82.)  There is no evidence to support the conclusion that a finding of moderate, rather than mild, limitations in ADLs would have any effect on the RFC assessment.  The ALJ's conclusion that plaintiff had a mild limitation in ADLs is supported by substantial evidence.

Third, plaintiff restates each argument advanced in her request to the Appeals Council for review of the ALJ's decision.  In the request for review, plaintiff argued that the ALJ should have concluded that plaintiff's impairments met or equaled the Listings for mental impairments,

the ALJ failed to follow the treating physician rule, and the ALJ failed to consider the combination of plaintiff's impairments.  (R. at 141-46.)

Plaintiff's first argument is that the ALJ should have concluded that plaintiff's impairments met or equaled the Listings.  As discussed above, to meet or medically equal a Listing for a mental impairment, a claimant must display at least two of the "paragraph B criteria."  20 C.F.R. § 404 Subpt. B, App. 1, Listing 12.00.  Here, the ALJ cited substantial evidence of record in concluding that none of the "paragraph B criteria" were present in plaintiff's case.  (R. at 74-75.)  Accordingly, plaintiff's first argument to the Appeals Council fails.

Plaintiff's next argument is that the ALJ should have given controlling weight to the treating psychiatrist's opinion.  Under the "treating physician rule," the ALJ must generally give more weight to a treating physician's opinion.  See 20 C.F.R. §§ 404.1527(d)(2).  Where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, however, it should be afforded significantly less weight.  Craig, 76 F.3d at 590.

In this case, plaintiff argues that the ALJ erred in failing to give controlling weight to the opinion of treating psychiatrist Dr. Dante regarding plaintiff's psychiatric symptoms.  The ALJ did not give significant weight to Dr. Dante's opinion that plaintiff functioned poorly before the date she was last insured.  (R. at 81.)  The ALJ provided a detailed review of Dr. Dante's treatment notes from the period before the date last insured, finding that plaintiff exhibited improving or normal psychiatric condition.  (Id.)  While Dr. Dante's treatment notes indicate that plaintiff continues to experience significant grief over the loss of her son, the lack of limitations expressed in these treatment notes is inconsistent with the psychiatrist's later assertion, in a September 5, 2006 letter, that plaintiff's grief left her unable to function.  (R. at 80-81.)  Notwithstanding those observations, because remand is necessary for the ALJ to reconsider, and further explain, the weight accorded to Dr. French's opinion, the undersigned is unable to conclude that substantial evidence supports the ALJ's analysis of Dr. Dante's opinion.  To the extent that different weight may be accorded to Dr. French's opinion on remand, the ALJ should address what effect, if any, such a difference in weight has on the weight accorded to Dr. Dante's opinion.

Plaintiff also appears to argue that the ALJ improperly relied on the lack of discussion of depression symptoms in the treatment records of Dr. Hsu and Dr. Aaron to conclude that Dr. Dante's opinion should not be given controlling weight.  Dr. Hsu, a general practitioner, and Dr. Aaron, a pulmonologist, opine mainly on plaintiff's breathing- and joint-related physical limitations.  (R. at 76-80.)  It is clear from the ALJ's opinion that the focus of her analysis of Dr. Hsu's and Dr. Aaron's opinions concerned plaintiff's lung and joint symptoms and limitations. (Id.)  The ALJ did not improperly rely on Dr. Hsu's or Dr. Aaron's opinions in assessing

plaintiff's mental impairments.  In sum, with the exception noted above regarding Dr. Dante, the ALJ did not err in evaluating treating source opinions in this case.

Finally, plaintiff argues that the ALJ failed to consider plaintiff's physical and mental impairments in combination.  The ALJ discussed at length the limitations caused by plaintiff's physical and mental impairments.  (R. at 75-82.)  There is no requirement that the ALJ specifically list which impairment or diagnosis is addressed by each limitation in plaintiff's RFC. Ray v. Comm'r, Soc. Sec. Admin., No SAG-11-2397, 2012 WL 2860875, at * 3 (D. Md. July 9, 2012).  As discussed above, however, it is unclear whether the ALJ's RFC assessment encompassed all of the functional limitations caused by plaintiff's mental and physical impairments for which there is substantial evidence in the record.  Thus, on remand, the ALJ should ensure that any revision of plaintiff's RFC should account for all of plaintiff's physical and mental limitations in combination.

For the reasons stated above, plaintiff's Motion (ECF No. 11) and defendant's Motion (ECF No. 13) are DENIED.  The ALJ's opinion of June 12, 2010 is VACATED and the case is REMANDED for further proceedings.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
United States Magistrate Judge